RUTH BROOKS v. WASHINGTON NATIONAL INSURANCE COMPANY.

(Filed 24 February, 1937.)

1. **Insurance § 34a—Evidence held for jury on issue of whether disease causing disability was chronic within terms of policy limiting liability.**

   The policy in suit provided monthly disability benefits of $30.00, but stipulated that if the disease causing disability were chronic, insurer's liability should be limited to two monthly payments per year.   The evidence tended to show that insured was disabled for a period of five months, which disability was caused by pulmonary tuberculosis, and there was evidence that the disease causing the disability was and is chronic.   *Held:* Under the terms of the policy insurer could recover only two months disability benefits if the jury should find from the evidence that the disease causing the disability was and is chronic, and it was error for the trial court to peremptorily instruct the jury that insurer was entitled to recover disability benefits for the five months sued for.

2. **Appeal and Error § 46—**

   Where a new trial is awarded on one exception, exceptions relating to matters not likely to arise on a subsequent hearing need not be considered.

APPEAL by defendant from *Phillips, J.,* at August Term, 1936, of BUNCOMBE.   New trial.

This is an action to recover on a policy of insurance.   The action was begun in a court of a justice of the peace of Buncombe County.   From an adverse judgment of said court the plaintiff appealed to the Superior Court of said county.

At the trial in the Superior Court the defendant admitted the issuance of the policy sued on to the plaintiff, and its liability to her under its provisions.   The controversy between the parties involved only the amount which the plaintiff is entitled to recover of the defendant in this action.

The policy provides that subject to its provisions the defendant shall pay to the plaintiff a monthly indemnity of $30.00, for such time as the plaintiff shall be totally and continuously disabled because of disease from performing duties pertaining to her occupation. It further provides that "if such disability or other loss is due, directly or indirectly, wholly or in part, to hernia or such disease or illness which has become chronic, the company's liability in any one policy year shall be limited to two months indemnity at the rate of monthly indemnity hereinbefore specified."

There was evidence tending to show that plaintiff became ill on 28 July, 1935, and that she has been ill continuously since that date; that her illness was pulmonary tuberculosis, and that by reason of said disease she was totally disabled to perform the duties pertaining to her occupation from 28 July, 1935, to 28 December, 1935—a period of five months.

The plaintiff contended that under the provisions of the policy she is entitled to recover of the defendant a monthly indemnity of $30.00 from 28 July, 1935, to 28 December, 1935, to wit: $150.00, less the premiums due on said policy for 5 months, to wit: $9.50.

There was evidence offered by the defendant tending to show the disease from which plaintiff suffered, and which resulted in her disability, was and is chronic.

The defendant contended that under the provisions of the policy the plaintiff is entitled to recover of the defendant a monthly indemnity for only two months, to wit: $60.00, less the premiums due for said two months, to wit: $3.80.

The issues submitted to the jury were answered as follows:

"1. Was the policy of health and accident insurance, No. 979,438, issued to the plaintiff by the defendant, in force from 28 July, 1935? Answer: 'Yes.'

"2. Was the plaintiff Ruth Brooks totally disabled from illness and confined to her bed, and daily attended by a physician from 28 July, 1935, to 28 December, 1935? Answer: 'Yes.'

"3. If so, in what amount, if any, is the defendant indebted to the plaintiff under and by reason of the policy No. 979,438, for the period from 28 July, 1935, to 28 December, 1935? Answer: '$140.50.'"

From judgment that plaintiff recover of the defendant the sum of $140.50, and the costs of the action, the defendant appealed to the Supreme Court, assigning numerous errors in the trial.

*W. F. Toms for plaintiff.*
*J. Laurence Jones and James S. Howell for defendant.*

CONNOR, J. At the trial of this action the court instructed the jury with respect to the third issue as follows:

"The court charges you that if you find the facts to be as the evidence tends to show—that is, the evidence of the plaintiff and of the defendant—you will answer the third issue '$140.50.' "

The defendant excepted to this instruction and on its appeal to this Court assigns same as error. The assignment of error is sustained. The defendant is entitled to a new trial.

There was evidence tending to show that the disease from which the plaintiff suffered from 28 July, 1935, to 28 December, 1935, and which resulted in her disability, was and is chronic. If the jury shall so find, under the provisions of the policy and under proper instructions by the court, plaintiff is entitled to recover of the defendant a monthly indemnity of $30.00 for only two months, less the amount due the defendant as premiums on the policy.

It is needless to discuss other assignments of error on this appeal, or to decide the questions presented by said assignments. It is not likely that these questions will arise upon another trial.

The contentions of the parties arising on the evidence will doubtless be presented to the jury at the new trial, either by appropriate issues or by full instructions by the court on the issue involving the amount which plaintiff is entitled to recover of the defendant.

The defendant is entitled to a new trial. It is so ordered.

New trial.